IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ALAN DOERING                                                                                    PLAINTIFF
ADC #106115

V.                          NO. 4:23-cv-001073-LPR-ERE

SARAH HUCKABEE SANDERS, *et al.*                                          DEFENDANTS

## RECOMMENDED DISPOSITION

### I.  Procedures for Filing Objections:

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.  Discussion:

On November 15, 2023, *pro se* plaintiff Alan Doering, an Arkansas Division of Correction ("ADC") inmate, filed this action under 42 U.S.C. § 1983. *Doc. 2*. Because Mr. Doering is a "three-striker,"[1] he can proceed in forma pauperis only if

---
[1] The following dismissals are "strikes" for purposes of 28 U.S.C. § 1915(g): *Doering v. Shue, et al.*, 4:13-cv-472-BSM (E.D. Ark.); *Doering v. Tate, et al.*, 5:13-cv-147-JLR (E.D. Ark.);

he is currently in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Doering's complaint alleges that, in May 2023, ADC officers Allison and King physically forced him to be housed in cells with other inmates. He also generally alleges that ADC units are understaffed and lack sufficient security. These alleged facts and claims are insufficient to reasonably suggest that Mr. Doering faces an imminent danger of serious physical injury.

Based on Mr. Doering's status as a three-striker and his failure satisfy the imminent-danger-of-serious-physical-injury standard, he was ordered to pay the $402.00 filing fee within 30 days in an Order filed on November 15, 2023. *Doc. 4.* The Order specifically cautioned Mr. Doering that his failure to pay the filing fee would result in dismissal of his claims, without prejudice.

To date, Mr. Doering has not complied with the Court's November 15, 2023 Order to pay the filing fee, and the time for doing so has passed.[2]

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Doering's complaint be DISMISSED, without prejudice, based on

---

*Doering v. Felts, et al.*, 4:16-cv-104-KGB (E.D. Ark.); and *Doering v. Wood, et al.*, 5:16-cv-165-BSM (E.D. Ark).

[2] On November 27, 2023, Mr. Doering appealed my order denying his motion for leave to proceed IFP. *Doc. 5.* On December 1, 2023, Judge Rudofsky denied Mr. Doering's appeal. *Doc. 6.*

his failure to: (1) comply with the Court's November 15, 2023 Order requiring him to pay the filing fee; and (2) prosecute this lawsuit.

2. The Clerk be instructed to close this case.

Dated 5 January 2024.

_____
UNITED STATES MAGISTRATE JUDGE